**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-175-GCM
(3:12-cr-239-GCM-DCK-14)**

| | |
|---|---|
| JAMES TYSON, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court on Petitioner's pro se Motion for Reconsideration on Order on Motion to Vacate/Set Aside/Correct Sentence, (Doc. No. 7).

## I. BACKGROUND

Petitioner pled guilty, pursuant to a straight-up plea, to racketeering conspiracy, securities fraud, aiding and abetting mortgage fraud, aiding and abetting wire fraud, money laundering conspiracy, and bank bribery conspiracy. This Court subsequently sentenced Petitioner to a 360-month prison sentence. Petitioner appealed, and the Fourth Circuit affirmed Petitioner's conviction and sentence.

On April 2, 2018, Petitioner filed the underlying motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Doc. No. 1). On October 31, 2018, this Court denied and dismissed Petitioner's motion to vacate. (Doc. No. 5). On December 18, 2018, Petitioner filed the pending Motion for Reconsideration, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. No. 7).

## II. STANDARD OF REVIEW

1

With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

### III. DISCUSSION

Petitioner has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Petitioner's motion does not present evidence that was unavailable when he filed his motion to vacate, nor does his motion stem from an intervening change in the applicable law. Furthermore, Petitioner has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. Rather, in his motion Petitioner contends that he has a pending motion to unseal in his underlying criminal action, and that he should have been allowed access to various documents in order to prepare his motion to vacate, including Doc. No. 191 (Waiver of Personal Appearance and Entry of Not Guilty Plea): Doc. No. 823 (Government's Sentencing

2

Memorandum); Doc. No. 824 (Motion for Extension of Time to file PSR Objections); Doc. No. 872 (Objections to PSR); Doc. No. 1001 (Sealed Sentencing Memorandum); Doc. No. 1024 (Supplemental Objections to PSR). <u>See</u> (Crim. Case No. 3:12-cr-239-GCM-DCK-14, Doc. No. 1285: Motion to Unseal Documents).

To the extent that Petitioner suggests that he was entitled to discovery before the Court ruled on his petition, he is incorrect. Rule 6 of the Rules Governing Section 2255 Proceedings authorizes discovery in post-conviction proceedings, but not as a matter of course. Rather, such authorization is subject to the Court's discretion and only upon good cause shown. <u>Bracy v. Gramley</u>, 520 U.S. 899 (1997); <u>United States v. Roane</u>, 378 F.3d 382 (4th Cir. 2004). Petitioner has not shown good cause for obtaining access to the various documents he references or for discovery in general. Petitioner contends that some of the documents contain information regarding relevant to the Court's order requiring Petitioner to pay restitution to the victims of his fraud, and Petitioner's ineffective assistance of counsel claim related to restitution. The Court noted in its order denying the motion to vacate that Petitioner's challenge to the restitution amount is not cognizable on collateral review, even if brought as an ineffective assistance of counsel claim. The Court further noted that the Fourth Circuit had specifically affirmed the restitution amount on direct appeal. Furthermore, as to Petitioner's claim that counsel failed to challenge the amount of loss, this Court noted in its order denying the motion to vacate that Petitioner had not shown that counsel was ineffective with regard to the amount of loss. Petitioner has not shown that obtaining access to any of the identified documents would alter that outcome. Petitioner also contends that counsel was somehow ineffective for failing to have the Court unseal various documents or materials. Counsel, however, had access to the material contained in these sealed documents. To the extent that Petitioner contends that he was entitled

3

to obtain his "case file" from counsel regarding loss amounts, he is incorrect. The standard discovery agreement used in this district prevents counsel from providing a copy of discovery to his client. Additionally, a court lacks the authority to order former counsel to provide such materials to a defendant. In re O'Kane, 91 F.3d 132, at *1 (4th Cir. June 27, 1996).

In sum, for all these reasons, the Court will deny Petitioner's motion for reconsideration.

### IV. CONCLUSION

Based on the foregoing, the Court will deny Petitioner's Motion for Reconsideration.

**IT IS, THEREFORE, ORDERED** that:

(1) Petitioner's pro se Motion for Reconsideration, (Doc. No. 7), is **DENIED.**

(2) The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

Signed: January 7, 2019

Graham C. Mullen
United States District Judge